IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REISE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 06-523-GPM |
| | ) |
| HOME DEPOT, INC., and HOME DEPOT USA, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court for an initial review. The Court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

In this case, Defendants seek to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, *exclusive of interest and costs*. The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d

424, 427 (7th Cir. 1997); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936).

The parties are diverse citizens. But Defendants only allege that "the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000.00)." (Doc. 2, para. 7) This allegation is close, but it is not what the statute requires.

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In keeping with the Seventh Circuit's admonition that "leave to amend defective allegations of subject matter jurisdiction should be freely given," *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992), this Court will grant Defendants an opportunity to try to establish the existence of diversity jurisdiction in this action by more appropriate allegations.

Accordingly, Defendants are hereby **ORDERED** to file an amended notice of removal on or before **August 4, 2006**, to cure the defects identified by this Court. Failure to do so will result in the remand of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 0718/06

                                      s/ G. Patrick Murphy
                                      G. PATRICK MURPHY
                                      Chief United States District Judge